IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON DEAN GEILS, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-cv-00650 |
| | § | |
| DON PATIN, | § | |
|     Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATE DISTRICT JUDGE:**

COMES NOW JASON DEAN GEILS, hereinafter referred to as "Plaintiff", complaining of DON PATIN, hereinafter referred to as "Defendant" and/or "Defendant Patin", and for cause of action will respectfully show unto the Court as follows:

**I.
PARTIES**

1. Plaintiff is a resident of Dallas County, Texas.

2. Defendant Don Patin is an individual residing in Carrollton, Dallas County, Texas, and service can be affected at his place of employment, Carrollton Police Department at 2025 E. Jackson Road, Carrollton, TX 75006.

**II.
JURISDICTION AND VENUE**

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983. Any state law claims are brought pursuant to 28 U.S.C. §1367 and are subject to this Court's

supplemental jurisdiction. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391 because Defendant is domiciled and/or resides in the Northern District of Texas, and all or a substantial part of the cause of action accrued in the Northern District.

## III.
## FACTS AND ALLEGATIONS

4. Plaintiff is a Citizen of the United States of America and is afforded rights and privileges under the Fourth Amendment of the United States Constitution against unreasonable seizures.

5. The Defendant is a peace officer employed by the City of Carrollton. During this incident, Defendant was acting in his official capacity as a peace officer, and acting under the color of law.

6. Plaintiff would show that on or about December 10, 2009, Plaintiff was travelling in his vehicle in the northbound HOV lane of the 1800 block of I35 E in the City of Carrollton, Texas. Carrollton police officer, Don Patin "Defendant", was parked on the inside shoulder of the roadway and confirmed that Plaintiff's vehicle was travelling at 83 mph in a 60 mph zone. Defendant initiated a traffic stop by turning on his emergency lights.

7. Plaintiff identified himself as Jason Dean Geils, by handing Defendant Patin a Texas Driver's License. Defendant detected an odor of an alcoholic beverage from Plaintiff's breath and began to question Plaintiff and asked Plaintiff the recite the alphabet to which Plaintiff refused. Defendant asked Plaintiff to exit his vehicle and Plaintiff said, "No sir." Defendant immediately physically removed Plaintiff from his

vehicle. Defendant stated to Plaintiff, "You are under detention, and I think that you are drunk." "You do not control this situation, I do. If you do as I say, things will go well for you." Defendant attempted to have Plaintiff perform field sobriety tests, but Plaintiff refused by stating that he wanted to speak with his attorney. Defendant placed Plaintiff under arrest for DWI.

8. At the jail and in the intoxilyzer room, Plaintiff refused to submit to the blood alcohol concentration test. After being Mirandized, Plaintiff refused to answer Defendant's questions.

9. After leaving the intoxilyzer room, Defendant moved Plaintiff to the intake area of the jail and sat him down while Defendant started the book-in process. Defendant was informed by jail staff that Plaintiff has a prior DWI conviction and Defendant responds, "Really, he has prior DWI convictions. This will be sweet."

10. Defendant began processing paperwork for a few minutes. Defendant then went to retrieve Plaintiff from where he was sitting. Without necessity or provocation and while Plaintiff was in the seated position, Defendant grabbed Plaintiff by his arm, stood him up, and immediately slammed him into a wall, face first.

11. Immediately prior to Defendant's use of force, Plaintiff was sitting down in a calm, submissive state. Plaintiff was not resisting, and Plaintiff posed no threat to Defendant or to anyone else. During the commission of Defendant's unreasonable use of force, Plaintiff did not resist, and Plaintiff posed no threat to Defendant or to anyone else.

12. Defendant's use of force was captured on surveillance video.

13. Defendant's use of force against Plaintiff caused severe pain and damage to Plaintiff's head and face. Slamming Plaintiff into the wall face-first was unnecessary under the circumstances. Slamming Plaintiff into the wall face-first was objectively unreasonable and violated Plaintiff's constitutional rights under the Fourth Amendment. No reasonable officer in the Defendant's shoes could have believed that it was necessary or reasonable to slam Plaintiff into the wall face-first.

14. By slamming Plaintiff into the wall face-first, Defendant violated the City of Carrollton's use of force policy. Defendant was employed by the City of Carrollton. Defendant was trained and made aware of the City of Carrollton's use of force policy. After an internal affairs investigation into Defendant's use of force against Plaintiff, Defendant was found to have violated the City of Carrollton's use of force policy. Defendant was fired. Defendant knew or should have known that his use of force was unreasonable. Defendant knew or should have known that his unreasonable use of force would and did cause severe injuries to Plaintiff.

## IV.
## CAUSES OF ACTION

### JASON DEAN GEILS' CLAIM FOR VIOLATION OF 42 U.S.C. § 1983 ET SEQ, AND THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION

15. Plaintiff re-alleges and restates all of paragraphs 4 through 14 of this Complaint and incorporates each of said paragraphs herein by reference.

16. The Defendant had actual notice of the injuries suffered by Plaintiff. Any conditions precedent have occurred, been performed, or have been waived.

17. Acting under the color of law, the Defendant deprived Plaintiff of the rights and privileges secured to Plaintiff by the Fourth Amendment to the United States Constitution and by other laws of the United States by affecting a "seizure" within the meaning of the Fourth Amendment through the application of force. Defendant used excessive force, abused, and otherwise violated basic civil rights afforded all citizens in the United States.

18. By his actions described above, Defendant has violated 42 U.S.C. § 1983 and the constitutional provisions cited therein. Specifically, Defendant used excessive force in violation of Plaintiff's civil and constitutional rights as enumerated, and that such force was unreasonable under the circumstances. Defendant was aware that the force he used was unnecessary. No reasonable officer in the shoes of Defendant could have believed that the force was necessary.

19. Defendant's use of excessive force amounted to evil motive or intent.

V.
DAMAGES

20. Plaintiff re-alleges and restates all of paragraphs 4 through 14 of this Complaint and incorporates each of said paragraphs herein by reference.

21. As a direct and proximate result of the above-described actions of the individual Defendant, Plaintiff was deprived of his rights as guaranteed by the Fourth, Amendment of the Constitution of the United States and 42 U.S.C. §1983. Specifically, Plaintiff, by virtue of the excessive force used by Defendant, has suffered physical injuries including pain and suffering, disfigurement, mental anguish, pecuniary loss,

and loss of income. Plaintiff has suffered serious and substantial injuries directly and only from Defendant's use of force that was clearly excessive to the need and for which he requests the award of the following categories of damages:

      a.    Physical Injuries;

      b.    Pain and Suffering;

      c.    Emotional distress, torment and mental anguish;

      d.    Incurred medical, doctor, and hospital bills; and

      e.    Loss of earnings.

## VI.
## EXEMPLARY DAMAGES

22.    The allegations contained in paragraphs 4 through 14 are incorporated herein as if set forth verbatim.

23.    Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff seeks to recover, and hereby requests the award of exemplary damages, reasonable attorney's fees and costs of court.

24.    Defendant's conduct, herein complained of and made the basis of this suit, was willful, malicious, oppressive, wanton, callous, and heedlessly in disregard of Plaintiff's rights, and accordingly Plaintiff is entitled to recover exemplary damages as a means of making a public example of the Defendant, thereby signaling to the Defendant, and other potential wrongdoers in this community, and the law enforcement community of Texas at large, that such conduct will not be tolerated. The facts heretofore alleged, support Plaintiff's claim. Plaintiff alleges that exemplary damages

in an amount within the jurisdictional limits of the court would serve as an appropriate measure to implement this warning.

## VII.
## ATTORNEY'S FEES

25. The allegations contained in paragraphs 4 through 14 are incorporated herein as if set forth verbatim.

26. Plaintiff states further that it was necessary to employ the services of an attorney to preserve and protect the Plaintiff's rights, and that he did employ Scott H. Palmer of Scott H. Palmer, P.C. of Addison, Texas, Dallas County, Texas to represent him in the prosecution of his claim against the defendants, agreeing to pay said firm of attorneys a reasonable fee for their services in such behalf and that such reasonable attorneys' fees should be awarded and judgment rendered in favor of the undersigned attorneys and against the defendant.

## IX.
## JURY REQUEST

27. Plaintiff respectfully requests a jury trial.

## X.
## PRAYER

28. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff Jason Dean Geils respectfully prays that the Defendant be summoned to appear and answer, and that on final trial of this action, judgment be entered in the Plaintiff's favor for all actual and exemplary damages alleged herein, pre judgment interest, post judgment interest, court

costs and for such other and further relief to which Plaintiff may show himself to be justly and legally entitled.

>Respectfully submitted,
>
>**SCOTT H. PALMER, P.C.**
>
>/s/ Scott H. Palmer _____
>SCOTT H. PALMER
>State Bar No. 00797196
>
>15455 Dallas Parkway, Suite 540
>Addison, Texas 75001
>Telephone: 214.987.4100
>Facsimile: 214.922.9900
>
>ATTORNEY FOR PLAINTIFF