**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON DEAN GEILS** | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO 3:11-CV-00650 |
| | § | |
| **DON PATIN** | § | |
|     Defendant | § | |

**DEFENDANT DON PATIN'S ORIGINALANSWER,**
**AFFIRMATIVE DEFENSES AND JURY DEMAND**

    COMES NOW, Defendant Don Patin (Officer Patin) files his Original Answer and Affirmative Defenses to the Plaintiff's Original Complaint, as well as his jury demand, and in support thereof would show:

**I.**
**ORIGINAL ANSWER**

1.    Concerning the allegations in the first unnumbered Paragraph on page 1 of the Plaintiff's Original Complaint, Officer Patin admits that Plaintiff is listed as Jason Dean Geils and that Defendant is listed as Don Patin.

2.    Officer Patin is without sufficient knowledge or information at this time to admit or deny the allegations in Paragraph 1.

3.    Concerning the allegations contained in paragraph 2, Officer Patin denies that he is an individual residing in Carrollton, Dallas County, Texas. Officer Patin admits that he agreed to waive service of summons on or about May 6, 2011.

4.    Concerning allegations contained in paragraph 3, Officer Patin admits that this Court has subject matter jurisdiction of the Plaintiff's federal claims and that venue is proper in the Northern District of Texas. However, he denies that the

Plaintiff's claims against him have any merit whatsoever, that he is liable to Plaintiff under any federal statute or constitutional provision, that he deprived the Plaintiff of any federally secured right; that the Plaintiff is entitled to recover damages or obtain relief of any nature from them; and any other allegations contained in said Paragraph.

5. Concerning the allegations contained in paragraph 4, Officer Patin is without sufficient knowledge or information at this time to admit or deny. Officer Patin denies that the Plaintiff's claims against him have any merit whatsoever, that he is liable to Plaintiff under any federal statute or constitutional provision, that he deprived the Plaintiff of any federally secured right; that the Plaintiff is entitled to recover damages or obtain relief of any nature from them.

6. Concerning the allegations contained in paragraph 5, Officer Patin admits that he was, at all pertinent times, employed as a police officer by the City of Carrollton Texas; and that he was, at all pertinent times, engaged in the lawful performance of the duties assigned to him in his capacity as a Police Officer.

7. Concerning the allegations contained in paragraph 6, Officer Patin admits that on or about December 10, 2009, Plaintiff was travelling in a vehicle in the northbound HOV lane of I-35 in the City of Carrollton, Texas; that he was stopped on the shoulder of the roadway; that he determined that the vehicle that Plaintiff was operating was speeding; that he initiated a traffic stop by using his emergency lights and sirens. Any other allegations contained in said Paragraph are denied.

8. Concerning the allegations contained in paragraph 7, Officer Patin admits that Plaintiff identified himself as Jason Dean Geils by a Texas Driver's License; that he detected an odor of an alcoholic beverage from Plaintiff's breath; that he questioned Plaintiff; that he attempted to perform a sobriety test and Plaintiff refused; that he asked Plaintiff to exit the vehicle; that Plaintiff refused to exit the vehicle and answered "No sir"; that Plaintiff was removed from the vehicle; that he detained the Plaintiff and informed Plaintiff of the reason for the detention; that he gave verbal directions to the Plaintiff including "You do not control this situation, I do.  If you do as I say, things will go well for you"; that he attempted to have Plaintiff perform standardized field sobriety tests and that Plaintiff refused by stating that he wanted to speak with his attorney; and that Plaintiff was arrested for Driving While Intoxicated.  Any other allegations contained in said Paragraph are denied.

9. Concerning the allegations contained in paragraph 8, Officer Patin admits that Plaintiff refused to submit to a breath test and a blood test while in the intoxilyzer room and that Plaintiff refused to answer questions after being given a Miranda warning.  Any other allegations contained in said Paragraph are denied.

10. Concerning the allegations contained in paragraph 9, Officer Patin admits that Plaintiff was escorted from the intoxilizer room; that Plaintiff was escorted to the intake area of the jail; that Plaintiff sat down in a chair during the book-in process; that a detention officer informed him that Plaintiff had prior DWI conviction(s); that he said "really, he has prior DWI convictions, this will be sweet."  Any other allegations contained in said Paragraph are denied.

11. Concerning the allegations contained in paragraph 10, Officer Patin admits that he was preparing book-in paperwork; that he gave verbal directives for Plaintiff to remove his jacket as part of the book-in search procedure; that the Plaintiff refused to comply with the verbal directives; and that he attempted to have Plaintiff stand from his seated position. Any other allegations contained in said Paragraph are denied.

12. Concerning the allegations contained in paragraph 11, Officer Patin admits that Plaintiff was seated during part of the book-in process. Any other allegations contained in said Paragraph are denied.

13. Concerning the allegations contained in paragraph 12, Officer Patin admits that the Carrollton Police Department jail has video capability within the book-in area and that Plaintiff's book-in process is recorded on video. Any other allegations contained in said Paragraph are denied.

14. Concerning the allegations contained in paragraph 13, Officer Patin is without sufficient knowledge or information at this time to admit or deny the allegation about Plaintiff's severe pain and damage to his head and face. Any other allegations contained in said Paragraph are denied.

15. Concerning the allegations contained in paragraph 14, Officer Patin admits that he was employed by the City of Carrollton Police Department; that an internal investigation was conducted; and that he did receive training on the City of Carrollton Police Department policy regarding use of force. Any other allegations contained in said Paragraph are denied.

16. Concerning the allegations contained in paragraph 15, Officer Patin incorporates by reference the foregoing Paragraph Nos. 1 through 15.

17. Concerning the allegations contained in paragraph 16, Officer Patin admits that Plaintiff had a small laceration to his head.  Officer Patin denies that any conditions precedent have occurred, been performed, or have been waived.  Any other allegations contained in said Paragraph are denied.

18. Officer Patin denies the allegations contained in paragraph 17.

19. Officer Patin denies the allegations contained in paragraph 18.

20. Officer Patin denies the allegations contained in paragraph 19.

21. Concerning the allegations contained in paragraph 20, Officer Patin incorporates by reference the foregoing Paragraph Nos. 1 through 20.

22. Officer Patin denies the allegations contained in paragraph 21.  Officer Patin also denies that the Plaintiff is entitled to the relief set forth within paragraph 21.

23. Concerning the allegations contained in paragraph 22, Officer Patin incorporates by reference the foregoing Paragraph Nos. 1 through 22.

24. Officer Patin denies the allegations contained in paragraph 23.  Officer Patin also denies that the Plaintiff is entitled to the relief set forth within paragraph 23.

25. Officer Patin denies the allegations contained in paragraph 24.  Officer Patin also denies that the Plaintiff is entitled to the relief set forth within paragraph 24.

26. Concerning the allegations contained in paragraph 25, Officer Patin incorporates by reference the foregoing Paragraph Nos. 1 through 25.

27. Officer Patin denies the allegations contained in paragraph 26.  Officer Patin also denies that the Plaintiff is entitled to the relief set forth within paragraph 26.

28. Officer Patin agrees and joins Plaintiff in a request for a jury trial.

## II.
## AFFIRMATIVE DEFENSES

1. Officer Patin will show that he did not deprive the Plaintiff of any of the rights secured to him under federal law.

2. Officer Patin will show that he is entitled to qualified immunity from the Plaintiff's federal claims.

3. Officer Patin will show that the occurrence in question, as well as the alleged injuries and purported damages for which recovery is sought herein, were proximately caused by the acts or omissions of the Plaintiff and/or the City of Carrollton, Texas.

4. Officer Patin will show that he is entitled to recover his reasonable attorney's fees and court costs.

5. Officer Patin affirmatively states that all relevant times, he was acting as a public official, performing discretionary functions within the course and scope of his authority, and his actions were objectively reasonable and not violative of Plaintiff's clearly established statutory or constitutional rights. To the extent that Officer Patin has been sued in his individual capacity, Officer Patin is entitled to immunity from suit and from any and all claims of liability or damages under the doctrines of qualified and official immunity.

## III.
## JURY DEMAND

1. Officer Patin hereby demands a trial by jury.

WHEREFORE, Defendant Don Patin respectfully prays that his assertion of qualified immunity be sustained; that the Plaintiff Jason Dean Geils take nothing against him by this suit, that he recovers his reasonable attorney fees and costs of court and be given such other and further relief, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

  /s/ Lance F. Wyatt
LANCE F. WYATT
State Bar No. 24013786
141 Countryside Court, Suite 150
Southlake, Texas 76092
(817) 251-9220 – Phone
(817) 251-9223 – Fax

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon Plaintiff's counsel of record, Scott H. Palmer, Scott H. Palmer, P.C., 15455 Dallas Parkway, Suite 540, Addison, Texas 75001, on the 25th day of May, 2011 via fax.

  /s/ Lance F. Wyatt
LANCE F. WYATT