**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON DEAN GEILS** | § | |
|     **Plaintiff** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO 3:11-CV-00650** |
| | § | |
| **DON PATIN** | § | |
|     **Defendant** | § | |

### DEFENDANT DON PATIN'S MOTION IN LIMINE

COMES NOW, Don Patin, Defendant in the above-styled cause and files this, his Motion in Limine, and asks the Court to instruct Plaintiff Jason Dean Geils and Plaintiff's attorneys not to mention or bring before or to the attention of the jury, either directly or indirectly, during voir dire or the trial of this case, any of the matters set forth in the paragraphs below, unless and until such matters have been first called to the Court's attention, out of the presence and hearing of the jury, and a favorable ruling received as to the admissibility and relevance of such matters. Further, Defendant Don Patin moves this Court to instruct counsel for Plaintiff Jason Dean Geils to inform and counsel all witnesses called by the Plaintiff, or parties in the courtroom at the request of the Plaintiff, not to volunteer, inject, disclose, state, or mention to any jury member any of the enumerated items, unless specifically questioned upon after prior rulings by the Court.

To the extent Plaintiff seeks to introduce this evidence, mention this evidence, divulge this evidence or allude to this evidence, directly or indirectly, this Court should deny Plaintiff's request because:

1.  Any testimony, statements and/or evidence relating to any City of Carrollton or City of Carrollton Police Department investigation, suspension, or other disciplinary action of or

on Defendant Don Patin during Defendant's employment are irrelevant and immaterial to the extent that they do not involve the incident in question.

2. Any testimony, statements and/or evidence relating to any City of Carrollton or City of Carrollton Police Department investigation, suspension, or other disciplinary action of or on Defendant Don Patin during Defendant's employment are unfairly prejudicial to Defendant.

3. Any testimony, statements and/or evidence relating to any City of Carrollton or City of Carrollton Police Department investigation, suspension, or other disciplinary action of or on Defendant Don Patin during Defendant's employment are inadmissible because Plaintiff cannot meet the high burden of showing the probative value substantially outweighs the prejudicial effect.

4. Any testimony, statements and/or evidence relating to any City of Carrollton or City of Carrollton Police Department investigation, suspension, or other disciplinary action of or on Defendant Don Patin during Defendant's employment are inadmissible since they are not relevant to intent, plan, motive, etc. under Rule 404(b).

5. Any testimony, statements, and/or evidence relating to any indefinite suspension by the City of Carrollton or City of Carrollton Police Department related to the December 9/10, 2009 incident since the indefinite suspension was overturned and Defendant was reinstated to his former employment of Police Officer with the City of Carrollton Police Department by an independent third party hearing examiner pursuant to Texas Local Government Code chapter 143, municipal civil service.

Defendant files the accompanying Brief in Support of Defendant's Motion to give the Court the argument and authorities in support of his position.

Respectfully submitted,

  /s/ Lance F. Wyatt
LANCE F. WYATT
State Bar No. 24013786
141 Countryside Court, Suite 150
Southlake, Texas 76092
(817) 251-9220 – Phone
(817) 251-9223 – Fax

ATTORNEY FOR DEFENDANT

\

## CERTIFICATE OF CONFERENCE

On the 5th day of August, 2013, Defendant's counsel spoke with Plaintiff's counsel, Scott Palmer, regarding Defendant's Motion in Limine. Counsel opposed the relief requested herein.

  /s/ Lance F. Wyatt
LANCE F. WYATT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on Plaintiff's counsel Mr. Scott Palmer and Mr. J.R. Fletcher, Scott H. Palmer, P.C., 1544 Dallas Parkway, Suite 540, Addison, Texas 75001, pursuant to the Federal Rules of Civil Procedure on this 5th day of August, 2013.

  /s/ Lance F. Wyatt
LANCE F. WYATT