UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON GEILS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:11-CV-0650-B |
| | § | |
| DON PATIN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jason Dean Geils' ("Plaintiff") Motion for Attorneys' Fees, Costs, and Expenses (doc. 147). After reviewing the motion and relevant law, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion as follows.

### I.
### BACKGROUND

This case arises out of a 42 U.S.C. § 1983 civil rights claim against Defendant Don Patin for use of excessive force. The case went to trial on August 19, 2013 and lasted four days. On August 22, 2013, the jury found Defendant liable and awarded Plaintiff $80,000 in compensatory damages. On September 18, 2013, the Court entered its written Final Judgment (doc. 145) on the jury's verdict. Plaintiff now moves the Court pursuant to 42 U.S.C.A. § 1988 for an award of attorneys' fees, costs, and expenses associated with the civil rights litigation.

### II.
### LEGAL STANDARDS

In an action brought under 42 U.S.C. § 1983, the court may, in its discretion, "allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C.A. § 1988(b). The Fifth Circuit has described the basic procedure and standard for determining attorneys' fees as

follows:

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

*Smith v. Acevedo*, 478 Fed. App'x 116, 124 (5th Cir. 2012) (quoting *Jimenez v. Wood Cnty*, 621 F.3d 372, 379-80 (5th Cir. 2010)). The *Johnson* factors are (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19. Accordingly, the Court will apply the lodestar method and make adjustments, if necessary, according to the *Johnson* factors.

### III.

### ANALYSIS

1.   *Attorneys' Fees*

The first step in the lodestar analysis requires the Court determine the reasonable number of hours expended by Plaintiffs' attorneys on the lawsuit, as well as the reasonable hourly rate for those attorneys involved. *Smith*, 478 Fed. App'x at 124; *Williams v. Kaufman Cnty*, No. 397CV0875L, 2003 WL 21755913, at *5 (N.D. Tex. July 30, 2003). Here, Plaintiff's two attorneys have provided affidavits attesting to the amount of work performed in this case. According to their filings, Plaintiff's counsel, Scott H. Palmer, performed 140.35 hours at an hourly rate of $375.00, while co-counsel,

J.R. Fletcher, performed 216.40 hours at an hourly rate of $250. Palmer Aff. 1; Fletcher Aff. 1. Both attorneys substantiate their claims with invoices, which list descriptions of their activities as well as the amount of time expended for each.

After reviewing Plaintiff's affidavits and supporting documents, the Court finds that the time expended by the attorneys was reasonable. This litigation spanned three years and required considerable legal and logistical work by Plaintiff's counsel. Much of Plaintiff's counsels' work was observed first-hand by the Court by review of the summary judgment matierals and later at the trial and pretrial conferences. The invoices make clear the extensive coordination and preparation performed to bring the case before the Court and eventually prevail at trial. Nothing in the invoices indicates that counsel was billing for "excessive, duplicative, or inadequately documented" time. *Smith*, 478 Fed. App'x at 124. Consequently, the Court finds that Mr. Palmer's 140.35 hours and Mr. Fletcher's 216.40 hours were reasonable.

With respect to their hourly rates, the Court also finds that the amounts were reasonable. Both attorneys aver that their rates are in line with the range of fees customarily charged in Dallas County for similar legal services. Palmer Aff. 2, 4; Fletcher Aff. 3. In light of these affidavits as well as the Court's own knowledge of rates charged for legal services by attorneys with similar levels of skill, competence, and experience in the area, the Court is comfortable using the attorneys' rates to calculate the lodestar.

Thus, the Court accepts the Plaintiffs' the two lodestar figures: (1) $52,632.38[1] for Mr. Palmer and (2) $54,100.00 for Mr. Fletcher. Considering the twelve *Johnson* factors described above, particularly the degree of success obtained, the Court finds that it is not necessary to make any adjustment to the lodestar. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1933) (noting that the "most

---

[1] The Court recognizes that 140.35 hours multiplied by an hourly rate of $375 is $52,631.25. The Court attributes to rounding the negligible difference ($1.13) between this sum and the figure provided by Plaintiff.

critical factor" in determining an award of fees is the degree of success obtained). Accordingly, Plaintiff's motion for attorneys' fees in the amount of $106,732.38 is **GRANTED.**

*2. Costs*

Plaintiff's counsel Palmer and Fletcher also request $1,369.78 and $50.00, respectively, for fees associated with: mediation, courtroom media setup for trial, parking for trial, and courier services to Defendant. Palmer Aff. 1-2. In claims for fees pursuant to § 1988 "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable . . . because they are part of the costs normally charged to a fee-paying client." *Associated Buildings & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 380 (5th Cir. 1990). "Whether these expenses are reasonable is committed to the sound discretion of the trial judge." *Id.*

Plaintiffs have submitted invoices and receipts to support their request for costs. Further, they have attested to the fact that these expenses were reasonably and necessarily incurred during the litigation. Palmer Aff. 4; Fletcher Aff. 4. Reviewing these materials and the relevant law, the Court finds these costs are reasonable and of the kind that would normally be charged to a fee-paying client.[2] Consequently, the Court **GRANTS** Plaintiff's request for costs in the amount of

---

[2] The Court notes that the Fifth Circuit denied an award of mediation costs in *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 530 (5th Cir. 2001). However, the Court does not think that decision should affect its award in the present matter because the *Mota* case concerned the award of costs "within the limited category of expenses taxable under Title VII." *Id.* As this case addresses costs under § 1988 pursuant to a § 1983 action, the Court does not find it necessary to exclude them from the present award. *See Williams*, 2003 WL 21755913, at *11 n.12.

$1,404.78.[3] [4]

3.  *Contingent Appellate Attorney's Fees*

Finally, Plaintiff requests $50,000 in attorney's fees in the event Defendant appeals unsuccessfully to the Fifth Circuit, and $100,000 if Defendant petitions the United States Supreme Court for a writ of certiorari and it is granted. Mot. 6-7. Though Plaintiff is correct that a "long and consistent line of Fifth Circuit precedent allows awards of attorney's fees for both trial and appellate work," Mot. 6, he fails to highlight a single case that awards fees based on *prospective* appeals. Further, this Court is not aware of any authority that allows for an award based on hypothetical appellate work in a § 1983 action. Consequently, the Court **DENIES** without prejudice Plaintiff's request for attorney's fees with respect to appeal.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED in part** and **DENIED in part.** Specifically, the Court **GRANTS** Plaintiff's request for attorneys' fees in the amount of $106,732.38, and Plaintiff's request for costs in the amount of $1,404.78. However, the Court **DENIES** without prejudice Plaintiff's request for fees for future appellate work.

**SO ORDERED.**

**SIGNED: November 18, 2013.**

---

[3] The Court recognizes that Plaintiff requests $1,446.78 in his prayer for relief, however the supporting documents only reflect a total of $1,404.78. *See* Mot. 7. In particular, Mr. Palmer's documents support an award of $1,354.78, and Mr. Fletcher's documents support an award of $50.00. Consequently, the Court grants relief only for the amounts that are substantiated.

[4] Because the Court finds that Plaintiff is entitled to costs under § 1988, it does not address Plaintiff's simultaneous claim under 28 U.S.C.A. § 1920. However, it should be noted none of the costs for which Plaintiff seeks reimbursement is included among the limited categories enumerated by § 1920. *See* U.S.C. § 1920.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE